IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| ALLEN L. LANCASTER[1], | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19cv95 (RCY) |
| | ) | |
| THE SECRETARY OF THE NAVY, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 48). The Motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

Taking as true the facts alleged in the Amended Complaint (Am. Compl., ECF No. 29), the Court will recount the lengthy procedural and factual background surrounding the claims of the plaintiff, Allen L. Lancaster ("Plaintiff" or "Lancaster"), against defendants The Secretary of the Navy, The Chief of Naval Personnel, and The Navy Chief of Chaplains ("Defendants").

This action stems from three federal cases that were consolidated by the United States District Court for the District of Columbia ("D.C. District Court") in 2007 into *In re Navy Chaplaincy*. 323 F. Supp. 3d 25, 29 (D.D.C. 2018). Lancaster attempted to join an earlier stage

---

[1] On August 24, 2021, Defendants' counsel entered a Suggestion of Death of Plaintiff Allen Lee Lancaster (ECF No. 80). If a party dies and the claim is not extinguished, the party may be substituted with a proper party. Fed. R. Civ. P. 25(a)(1). Given that this claim will survive the death of the Plaintiff and that both parties have fully briefed the Motion, the Court will address the merits.

1

of this litigation in 2002, but he was rejected by the court. (Am. Compl. at 3.) He was able to join this litigation in 2006. (*Id.*)

The plaintiffs of *In re Navy Chaplaincy*, including Lancaster, had been members of the Navy Chaplain Corps and were responsible for performing religious services and providing service members with counseling and ethics instructions. *In re Navy Chaplaincy*, 323 F. Supp. 3d at 29. While these plaintiffs were in the Navy, the Navy divided its Chaplain Corps into four subgroups: (1) Roman Catholics; (2) Liturgical Protestants[2]; (3) Non-liturgical Protestants, and (4) Special Worship. (Am. Compl. at 2 n.2.) The plaintiffs in *In re Navy Chaplaincy* were Non-liturgical Navy Chaplains whose "primary claim [was] that, until 2002, the Navy maintained an unconstitutional policy of placing at least one Roman Catholic chaplain on every selection board, which resulted in Catholic chaplains being promoted at a disproportionately high rate compared to other religious groups." *In re Navy Chaplaincy*, 323 F. Supp. 3d at 29. Plaintiffs in this action also challenged "a host of other allegedly unconstitutional selection-board policies and procedures" and "challenge[d] a statute that privileges selection-board deliberations from disclosure in litigation." *Id.*

On August 30, 2018, the D.C. District Court granted summary judgment to the Navy on the *Chaplaincy* plaintiffs' constitutional and systemic claims regarding the Navy's staffing and procedure of chaplain selection boards. *Id.* On November 8, 2018, the D.C. District Court severed the *Chaplaincy* plaintiffs who had fact specific "ad hoc" claims that still remained after summary judgment. (Am. Compl. at 5; Op. & Order, ECF No. 26 at 2.) The individual chaplains who were severed were allowed to refile "in any appropriate venue." (*Id.*)

---

[2] Liturgical Protestants follow a set liturgy, which is a prescribed order of worship. *In re Navy Chaplaincy*, 323 F. Supp. 3d at 30.

Twenty-seven plaintiffs, including Lancaster, then filed their Complaint in the Eastern District of Virginia on March 1, 2019. (ECF No. 1.) Defendants filed a Motion to Transfer Venue on April 24, 2019, arguing that the plaintiffs had not properly obeyed the D.C. District Court and were attempting to bring their *In re Navy Chaplaincy* claims again, only this time in the Eastern District of Virginia. (ECF No. 9; ECF No. 10 at 6-7.) On September 13, 2019, Judge Henry Coke Morgan, Jr. granted the Motion to Transfer Venue as to twenty-five of the twenty-seven plaintiffs, transferring the twenty-five back to D.C. District Court. (Op. & Order at 10.) Only Lancaster and one other plaintiff, Barby Wilson ("Wilson"), were allowed to proceed in the Eastern District of Virginia. (*Id.*) Lancaster was ordered to file an amended complaint that contained allegations pertinent only to him, and Wilson was ordered to file a new action containing allegations pertinent only to him. (Order, ECF No. 28.) Both plaintiffs did so. (Am. Compl.; *see* Compl., *Wilson v. The Secretary of the Navy, et al.*, No. 2:19cv515 (E.D. Va. Sept. 27, 2019), ECF No. 1.) This action was reassigned to the undersigned on November 24, 2020.

In the Amended Complaint, Lancaster states that he was a Navy Chaplain for twenty-one years. (Am. Compl. at 6.) He was endorsed by the Associated Gospel Churches, an evangelical, Non-liturgical faith group. (*Id.*) He retired as a Commander after multiple "failures of selection"[3] ("FOS") to Captain. (*Id.*) If he had been selected for promotion to Captain, he would have been able to retire later. (*Id.* at 1-2.) Lancaster asserts that "personal hostility and denominational prejudice result[ed] in his unlawful FOS." (*Id.* at 7.) He argues that his case "represents a prime example of the Navy's unconstitutional retaliation, hostility and prejudice towards its Non-liturgical chaplains." (*Id.*)

---

[3] "Failed of selection" generally describes the unsuccessful outcome of a promotion board's review of a candidate's record. (Am. Compl. at 1.)

3

## II. LEGAL STANDARD

### A. Dismissal Under Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their res judicata effect. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

### B. Res Judicata

Res judicata encompasses two interrelated doctrines: claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Issue preclusion, on the other hand, "bars 'successive

4

litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* These two res judicata doctrines "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Res judicata is an affirmative defense that "may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint.'" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). "To establish a res judicata defense, a party must establish: '(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits.'" *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997) (quoting *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)).

### III. DISCUSSION

1. <u>Count One: "Illegal Retaliation"</u>

In Count One, Plaintiff argues that he suffered from "illegal retaliation" while a Navy chaplain. (Am. Compl. at 17.) In support of this claim, Plaintiff asserts that he received an excellent fitness report in July 1995 that was purposefully kept out of his file, which may have affected his ability to be promoted. (*Id.* at 15, 18.) Plaintiff also argues that many other factors affected his failure of selection, including "the historic animosity of Liturgical versus Non-liturgical theologies," the "hatred" and "animosity" of leadership towards Non-liturgical chaplains, a "pattern of abusive conduct and retaliation based on religious and racial prejudice," and the "unconstitutional" selection board procedures. (*Id.* at 18-20.)

Plaintiff's retaliation claim fails. To begin, Plaintiff almost entirely relies on generalized allegations against Navy policies and procedures, and not non-conclusory factual allegations about the Plaintiff's own experiences. This Court's September 25, 2019, Order instructed Lancaster to file an Amended Complaint that asserted individualized allegations. (Order at 1.) Instead, Plaintiff largely tries to relitigate the constitutional issues previously decided in *In re Navy Chaplaincy* and argues, *inter alia*, that the challenged procedures are "unconstitutional under the First and Fifth Amendments." (Am. Compl. at 20.)

These broad constitutional claims are barred by claim preclusion. Although Plaintiff may attempt to call his claim a "retaliation" claim, he clearly is trying to challenge the constitutionality of the Navy's policies and procedures. The single factual allegation introduced by Plaintiff is that he had an excellent fitness report that was not included in his file, despite his attempts to make sure it was there. (Am. Compl. at 18.) Plaintiff does not even describe how this contributed to his failures of selection. This single factual allegation is not enough to prevent Plaintiff's claim from being barred by res judicata, as Plaintiff's "retaliation" claim is essentially an effort to argue the same constitutional claims against the same defendants as were in *In re Navy Chaplaincy*.

Both this Court and the D.C. District Court have held that "retaliation" claims brought by the *In re Navy Chaplaincy* plaintiffs are barred by res judicata. United States District Judge Raymond A. Jackson, who ruled on Wilson's claims, held that "[d]espite the fact that CH Wilson's Complaint does allege individualized factual contentions in an attempt to support an ad hoc retaliation claim, these allegations are overwhelmed by claims of systemic abuse that were the subject of the *Chaplaincy* litigation." Mem. Op. & Order at 5, *Wilson*, Case No. 2:19cv515, ECF No. 11. Judge Jackson also points out that Wilson's prayer for relief requests a "declaration that the challenged promotion procedures are improper and unconstitutional." *Id.* (quotation marks omitted). Judge Jackson held that this prayer for relief "reveals the true nature of CH Wilson's

6

purported retaliation claim—an attempt to individualize the *Chaplaincy* plaintiffs' grievances with the promotional decisions of the Navy Chaplain Corps so they may be understood as retaliation specific to CH Wilson and take a second shot at the relief that was denied in the *Chaplaincy* litigation." *Id.* In the instant action, Lancaster includes the same prayer for relief and requests the Court to find that the "challenged promotion procedures are improper and unconstitutional." (Am. Compl. at 24.)

United States District Judge John D. Bates ruled on the action of the twenty-five of the twenty-seven original plaintiffs in this action who were transferred back to the D.C. District Court. *Arnold v. Sec'y of Navy*, No. CV 19-2755, 2020 WL 1930393, at *6 (D.D.C. Apr. 21, 2020). He held that these plaintiffs' retaliation claims was barred by claim preclusion, holding that "[i]t is well-settled that when comparing two claims for purposes of claim preclusion, 'it is the factual nucleus that gives rise to a plaintiff's claims, not a legal theory on which the claim rests[,] that determines whether the claim may proceed.'" *Arnold*, 2020 WL 1930393, at *4 (quoting *Lindsey v. District of Columbia*, 609 F. Supp. 2d 71, 77 (D.D.C. 2009)). He found that the plaintiffs were attempting to "dress up a claim involving the same facts in new legal garb and relitigate it," as the factual nucleus of the individual claims was the same factual nucleus as the systemic challenges from *In re Navy Chaplaincy*. *Id.* He ruled that the retaliation claims were barred by claim preclusion. *Id.*

This Court agrees with the decisions of Judge Jackson and Judge Bates and finds that the Plaintiff's retaliation claim is barred by res judicata. Although Plaintiff attempted to retitle his claim, he merely is dressing up the claims he previously litigated in *In re Navy Chaplaincy*. The Motion to Dismiss will be granted as to Count One.

2. Count Two: "The Statute of Limitations is Tolled," Count Three: "10 U.S.C. § 613a's Ban on Discovery is Unconstitutional in this Case," and Count Four: "Religious Freedom Restoration Act ("RFRA") Violations"

Plaintiff's final three counts are even clearer examples of Plaintiff attempting to relitigate claims that were already decided in *In re Navy Chaplaincy*. Therefore, all three claims are barred by res judicata.

In Count Two, Plaintiff argues that the six-year statute of limitations under 28 U.S.C. § 2401(a) "is tolled." (Am. Compl. at 20-21.) To the extent that this count actually represents an independent cause of action, it has already been decided and rejected by the D.C. District Court. In *In re Navy Chaplaincy*, the Court ruled that the plaintiffs were barred from bringing claims that arose before November 5, 1993, because they were outside the statute of limitations provided by 28 U.S.C. § 2401(a). 323 F. Supp. 3d at 35-37. The D.C. District Court held that "any claim filed more than six years after finalization of the policies and personnel action on which [it was] based [is] time barred." *Id.* (internal quotation marks omitted). Claim preclusion, therefore, clearly applies to Lancaster's Count Two claim, as the claim is the same as it was in *In re Navy Chaplaincy,* Lancaster and the Defendants were both parties in the prior suit, and the suit had a final judgment on the merits. Therefore, the Motion to Dismiss as to Count Two will be granted.

Plaintiff's Count Three asserts that "10 U.S.C. § 613a's ban on discovery is unconstitutional in this case." (Am. Compl. at 22.) This claim also has already been decided and rejected by the D.C. District Court. *In re Navy Chaplaincy*, 323 F. Supp. 3d at 50-51. The court in that action noted that "plaintiffs have already unsuccessfully challenged § 613a—as well as its statutory processor, § 618(f)—several times." *Id.* at 50. The D.C. District Court again rejected Plaintiffs' argument that § 613a prevented adequate judicial review of their constitutional claims, holding that § 613a "merely restricts the evidence available to the plaintiffs in support of their claims." *Id.* (internal quotation marks omitted). In the present action, Plaintiff has brought the

8

same claim against the same Defendants as in *In re Navy Chaplaincy*. Therefore, claim preclusion applies to Count Three, and the Court will grant the Motion to Dismiss as to this count.

In Count Four, Plaintiff alleges that the "challenged procedures and alleged retaliatory actions [of the Navy] have substantially burdened his free exercise of religion without a compelling government purpose and are not the least restrictive means to achieve any lawful government purpose or objective" and "violate[] RFRA [Religious Freedom Restoration Act]." (Am. Compl. at 23.) The Court in *In re Navy Chaplaincy* already rejected the plaintiffs' RFRA challenges to the Navy's selection board policies and procedures. 323 F. Supp. 3d at 38-60. The D.C. District Court emphasized this in the *Arnold* opinion it issued on the claims of the twenty-five original plaintiffs. The D.C. District Court held:

> With respect to the RFRA claims . . . the only question for purposes of claim preclusion is whether the claims are the "same" as claims resolved in the *Navy Chaplaincy* litigation. And for identical reason, the Court concludes that they are . . . The Court's 2018 opinion granted summary judgment to the Navy on the chaplains' claims that the Navy's chaplain promotion and selection board system violated RFRA. Because those are the same claims that the chaplains attempt to bring here, the Court determines that they are barred by claim preclusion and will dismiss them with prejudice.

*Arnold*, 2020 WL 1930393, at *6 (internal citations omitted). This Court agrees with the D.C. District Court and finds that Plaintiff's RFRA claims are barred by claim preclusion. The Motion to Dismiss will be granted as to Count Four.

### IV. CONCLUSION

For the reasons detailed above, the Court will grant Defendants' Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 48).

An appropriate Order shall issue.

                                                                             /s/
                                                   Roderick C. Young
                                                   United States District Judge

Richmond, Virginia
Date: August 30, 2021